UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| KIMBERLY M., | CASE NO. C19-5102 BHS |
|---|---|
| Plaintiff, | ORDER AFFIRMING DENIAL OF BENEFITS |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

# I. BASIC DATA

Type of Benefits Sought:

    ( ) Disability Insurance

    (X) Supplemental Security Income

Plaintiff's:

    Sex: Female

    Age: 43 at the time of alleged disability onset.

Principal Disabilities Alleged by Plaintiff: Fibromyalgia, depression, anxiety, panic attacks, agoraphobia, migraines, diabetes, diabetic neuropathy, diabetic retinopathy, back problems, lumbar problems, sciatica, carpal tunnel in both hands, hyperthyroidism, PCOD,[1] asthma, allergies, sensory processing disorder, sleep apnea, insomnia. Admin. Record ("AR") at 148–49.

---

[1] Plaintiff did not define this abbreviation, and it does not obviously correlate to any of the impairments the administrative law judge found to be severe. *See* AR at 18, 148.

ORDER - 1

Disability Allegedly Began: September 24, 2015

Principal Previous Work Experience: Recruiter, autism specialist, nanny, community integration specialist, behavior therapist.

Education Level Achieved by Plaintiff: Associate degree.

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before Administrative Law Judge ("ALJ"):

    Date of Hearing: May 4, 2018

    Date of Decision: September 6, 2018

    Appears in Record at: AR at 15–35

    Summary of Decision:

        The claimant has not engaged in substantial gainful activity since September 24, 2015, the application and alleged onset date. *See* 20 C.F.R. §§ 416.971–76.

        The claimant has the following severe impairments: Headaches, diabetes, peripheral neuropathy, obstructive sleep apnea, asthma, right shoulder disorder, bilateral carpal tunnel syndrome, depression, and anxiety. *See* 20 C.F.R. § 416.920(c).

        The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 416.920(d), 416.925, 416.926.

        The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), except that she can never climb ladders, ropes, or scaffolds. She can frequently climb ramps and stairs. She can frequently handle and finger bilaterally. She can frequently reach with the right shoulder. She cannot have exposure to more than moderate noise. She can have occasional exposure to fumes, odors, dusts, gases, poor ventilation, and hazards. She is limited to work with a reasoning level of two. She is limited to simple, routine, repetitive tasks. She can make simple work-related decisions. She can have occasional

interaction with supervisors and coworkers. She cannot have public contact. She can have occasional changes in a routine work setting.

The claimant has no past relevant work. *See* 20 C.F.R. § 416.965.

The claimant was a younger individual (age 18–49) on the date the application was filed. *See* 20 C.F.R. § 416.963.

The claimant has at least a high school education and is able to communicate in English. *See* 20 C.F.R. § 416.964.

Transferability of job skills is not an issue because the claimant does not have past relevant work. *See* 20 C.F.R. § 416.968.

Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. *See* 20 C.F.R. §§ 416.969, 416.969(a).

Before Appeals Council:

Date of Decision: December 10, 2018

Appears in Record at: AR at 1–3

Summary of Decision: Denied review

### III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

### IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than

a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

Plaintiff bears the burden of proving she is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 1382c(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R.

§ 416.920. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

## VI. ISSUE ON APPEAL

Whether the ALJ properly evaluated the opinions of examining doctor David Morgan, Ph.D.

## VII. DISCUSSION

Plaintiff argues that the ALJ erred in rejecting the opinions of examining psychologist Dr. Morgan. Pl. Op. Br. at 2–6. An ALJ must give clear and convincing reasons to reject the uncontradicted opinions of an examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the examining doctor's opinion is contradicted, it "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830–31 (citing *Andrews*, 53 F.3d at 1043). Dr. Morgan's opinions were contradicted by the state agency reviewing psychologists. *See* AR at 159–61, 182–84. The ALJ therefore needed to give specific and legitimate reasons to reject Dr. Morgan's opinions.

Dr. Morgan examined Plaintiff once a year from 2012 to 2016, for a total of five examinations. *See id.* at 393–97, 404–13, 447–51, 692–96. At each examination, Dr. Morgan conducted a clinical interview and performed a mental status examination. *See id.* In his first three examinations, Dr. Morgan opined that Plaintiff was markedly limited in her ability to perform activities within a regular schedule, maintain attendance, adapt to workplace changes, be aware of normal hazards, ask simple questions, communicate

and perform effectively in a work setting, maintain appropriate work behavior, and complete a normal work day or week without interruptions from her psychologically-based symptoms. *See id.* at 406, 411, 449. After his last two examinations, Dr. Morgan opined that Plaintiff also had marked limitations in her ability to set realistic goals and plan independently. *See id.* at 395, 694.

The ALJ gave little weight to Dr. Morgan's opinions that stated Plaintiff had marked limitations in her work abilities. *See id.* at 30. The ALJ reasoned that the marked limitations were not consistent with the overall medical record, which showed conservative treatment and unremarkable mental status examinations. *Id.*

The ALJ erred in rejecting Dr. Morgan's opinions based on the determination that Plaintiff received only conservative treatment. Plaintiff went to mental health counseling. *See id.* at 597–686. Referring to such treatment as conservative with no explanation is too vague to support rejecting an examining psychologist's opinion. *See Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996). "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* Plaintiff was not always compliant with treatment, but that is a different issue, and one the ALJ did not raise. Accordingly, Plaintiff's noncompliance with treatment cannot save the ALJ's error. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (holding that the court must look to the reasons the ALJ actually gives, "not

*post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947))).

The ALJ reasonably interpreted the evidence, however, in rejecting Dr. Morgan's opinions because they were inconsistent with Plaintiff's unremarkable mental status examinations. An ALJ may discount an examining doctor's opinions when they are inconsistent with or unsupported by the medical evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Mental status exams throughout the record noted that Plaintiff was anxious, but consistently noted that the remainder of her mental functioning was largely within normal limits. *See* AR at 30, 527, 530, 550, 602, 616, 620, 622–23, 709, 717, 807, 818, 829, 844–45. Even Dr. Morgan's mental status exams showed normal functioning apart from memory and anxious mood. *See id.* at 396–97, 407–08, 412–13, 695–96.

Plaintiff has failed to show that the ALJ committed harmful error. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (holding that the party challenging an administrative decision bears the burden of proving harmful error (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009))). The ALJ's erroneous rejection of Dr. Morgan's opinions based on Plaintiff's supposed lack of treatment does not undermine the ALJ's reasonable determination that Dr. Morgan's opinions were inconsistent with or unsupported by the medical evidence. The ALJ's error was thus harmless as it was "'inconsequential to the ultimate nondisability determination.'" *Molina v. Astrue*, 674

F.3d 1104, 1115 (9th Cir. 2012) (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

## VIII. ORDER

Therefore, it is hereby ORDERED that the Commissioner's final decision denying Plaintiff disability benefits is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 28th day of August, 2019.

_____
BENJAMIN H. SETTLE
United States District Judge